IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED AUTOMOBILE INSURANCE, et al., | ) ) ) | |
| Plaintiffs, | ) ) | No. 09 C 5487 |
| v. | ) ) | Judge Gettleman |
| PETHINAIDU VELUCHAMY, | ) ) | Magistrate Judge Cole |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

The operative facts in the case are uncomplicated. The suit seeks to recover monies allegedly owed plaintiffs under unconditional guaranties by the defendant to secure repayment of a loan to Mutual Bank, of which the defendant was an owner and principal. The notes that the defendant guaranteed went into default when the FDIC took over Mutual Bank. United Premium Finance Company and United Automobile Insurance Company have moved to compel the defendant to respond to their First Set of Interrogatories and Requests to Produce. At the hearing on March 1, 2010, counsel for the defendant neither appeared nor called to explain why he could not attend. And that silence persisted in the days following the hearing on the motion even though I granted the motion to compel.

The Motion to Compel charges that "the defendant has attempted to delay and obstruct this matter by not only raising multiple affirmative defenses, for which there is no factual or legal support, but by now refusing to answer any interrogatory or requests for documents despite there being no request for a stay of discovery. Defendant [the Motion insists] cannot both raise defenses and then refuse to provide plaintiffs with relevant evidence to support those defenses."

On December 31, 2009, plaintiffs served the defendant with two sets of interrogatories (one for each plaintiff) as well as a Request to Produce Documents. On February 8, 2010, the defendant delivered his responses in which an objection was raised to every request on the grounds that the government was purportedly investigating the events leading to the receivership of Mutual Bank. Significantly, the defendant did not assert the Fifth Amendment, he only alluded to a "potential" Fifth Amendment objection. But that is not sufficient to preclude discovery. One either asserts the Fifth Amendment or responds to proper discovery or seeks a stay of the case so that one is not obligated either to respond to the complaint or to discovery requests. What cannot, however, be done is what Mr. Veluchamy has attempted to do.

That the defendant did not in fact raise the Fifth Amendment is further demonstrated by his own responses to the plaintiff in which he argued that he should not be forced, at this point, to choose whether to assert his Fifth Amendment rights and suffer the consequences of a potential negative inference from having done so or waive his Fifth Amendment rights with possible adverse consequences from the disclosure at some point in the future. This plainly is not an assertion of the Fifth Amendment, but an attempt to avoid the dilemma numerous parties face in cases throughout the country in both state and federal courts. While the dilemma may be an uncomfortable one, it is not one the Constitution forbids. *See Baxter v. Palmigiano*, 425 U.S. 308 (1976); *Evans v. City of Chicago*, 513 F.3d 735, 740 (7th Cir. 2008); *National Acceptance Co. of America v. Bathalter*, 705 F.2d 924, 927 (7th Cir. 1983). *See also LaChance v. Erickson,* 522 U.S. 262, 268 (1998)("But there is nothing inherently irrational about...an investigative posture" that takes into consideration the failure of an employee who has asserted the Fifth Amendment to respond to inquiries).

The appropriate way for a party in civil litigation to avoid the dilemma posed by being asked

to respond to discovery is to seek a stay of the proceedings so as not to have to answer a complaint and failing that, to assert the Fifth Amendment in an answer, which will be treated as equivalent to specific denials, *Bathalte*r, 705 F.2d at 929, and then to seek a stay of discovery.[1] That, of course, requires persuading a court that by answering the question posed, the answering party genuinely runs the risk of compulsory self-incrimination and that a fair balancing of the competing interests weighs in favor of a stay. *Glanzer*, 232 F.3d at 1263 ("the 'privilege against self-incrimination does not depend upon the *likelihood*, but upon the *possibility* of prosecution' and also covers those circumstances where the disclosures would not be directly incriminating, but could provide an indirect link to incriminating evidence.")(emphasis in original).

The determination of whether the privilege has been properly invoked is for the judge; the claimant is not the final arbiter of the validity of his assertion. *See e.g., North River Insurance. Co., Inc. v. Stefanou* 831 F.2d 484, 486-487 (4th Cir. 1987); *Davis v. Fendler*, 650 F.2d 1154, 1159-1161 (9th Cir. 1981); *United States v. One 2001 Mercedes Benz*, 2009 WL 3334748 *2 (E.D.Wis. 2009); *Whitney Nat'l Bank v. Air Ambulance By B & C Flight Mgmt., Inc.*, 2007 WL 1468417 *3 (S.D.Tex. 2007); *Cruz v. County of DuPage*, 1997 WL 370194 (N.D.Ill. 1997).[2]

---

[1] An adverse inference can be drawn when silence is countered by *independent evidence* of the fact being questioned, but that same inference cannot be drawn when, for example, silence is the answer to an allegation contained in a complaint. *Bathalter*, 705 F.2d at 930. In such instances, when there is no corroborating evidence to support the fact under inquiry, the proponent of the fact must come forward with evidence to support the allegation, otherwise no negative inference will be permitted. *See Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir.2000).

[2] The privilege cannot be asserted properly by merely declaring that an answer will incriminate. It is not necessary, of course, that the person to whom the question has been put establish the precise manner in which he will incriminate himself by responding. This would make the privilege useless. To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. *Hoffman v. United States*, 341 U.S. 479, 486-87 (1951). The trial
(continued...)

The defendant chose to do none of these things. Quite the contrary. He not only fully answered the allegations in the complaint, but asserted six affirmative defenses. The First contends that the guarantee was orally modified; the Second charges that the bank waived their rights to pursue any claims against the defendant, while the Third and Fourth charge the plaintiffs with unclean hands and with acting "inequitably to the detriment of Defendant." Those defenses go on to explain the factual basis for the claims. The Fifth Affirmative defense charges that the plaintiffs were guilty of fraud, and the Sixth charges the bank with duress.

Yet, when the plaintiffs issued discovery directed towards these and other relevant issues, the defendant balked. He was unwilling, however, to actually assert the Fifth Amendment, instead insisting, in effect, that he had the right to remain quiescent, neither asserting the Fifth Amendment nor responding to the questions. The Motion represents that at a Rule 37 conference, the defendant's counsel stated that he did not know for how long he would maintain his present stance on discovery, and that he did not know whether his client is even a target of an investigation.

Simply put, the position taken by the defendant is improper under the discovery provisions of the Federal Rules of Civil Procedure and the Fifth Amendment. It is significant that the objection to discovery does not assert the Fifth Amendment. Rather, it simply expresses the defendant's tendentious view that he ought not to be placed between the Scylla of taking the Fifth Amendment and potentially suffering adverse inferences, and the Charybdis of avoiding those inferences by waiving the Fifth Amendment and possibly having the information available to authorities, who are

---

[2](...continued)
court must make this determination from the facts as well as from "his personal perception of the peculiarities of the case." *Id.* If he decides that no threat of self-incrimination is evident, the defendant then bears the burden of showing the danger of incrimination.

4

conducting some investigation of the bank with which the defendant was affiliated.[3] This dilemma, however, is not one forbidden by law. *Baxter, supra.* That it is a difficult and perhaps a not particularly palatable choice does not absolve a party in litigation from making it. It is but an instance of the enumerable, difficult choices that life and law require be made. *Compare United States v. Miller*, 450 F.3d 270, 272 (7th Cir. 2006) (Easterbrook, J.)("A choice between cooperation and freedom, on the one hand, and silence followed by custody and prosecution, on the other, is a common one...."), *abrogated on other grounds, Kimbrough v. United States*, 552 U.S. 85 (2007).

Preliminarily, it may be noted that it is not a proper basis to assert the Fifth Amendment – even if that is what the defendant had done – that his "business interest[s]" *might* be harmed. Of course speculation is not proof, *In re Cohen*, 507 F.3d 610, 614 (7th Cir. 2007); *Louth v. McCollum*, 424 F.3d 631, 634 ( 7th Cir.2005), and the only proper basis to assert the Fifth Amendment is where the claimant can make a sufficient showing that there is a genuine risk of compulsory self-incrimination. Similarly, the Fifth Amendment may not be asserted on the analytically irrelevant

---

[3] Here is the objection as quoted in the Motion to Compel:

> Given the circumstances surrounding the receivership of Mutual Bank, that the government is investigating the events leading to the receivership of Mutual Bank, and that there are other related, ongoing criminal investigations, pursuant to U.S. Const. Am. V and the Federal Rules of Civil Procedure, including Rule 26(c), the Defendant objects to having to respond to the interrogatories at this time. In particular, forcing the Defendant to Choose whether to assert his Fifth Amendment rights at the outset of case while there is still time for a discovery could unnecessarily harm the Defendant's business interest. Moreover, forcing a defendant to assert Fifth Amendment rights could unnecessarily cause the government, in its investigation, to direct undue focus toward the Defendant. Finally, forcing the defendant to assert Fifth Amendment rights at this time could harm the Defendant's defense of the case because of the negative inference that could be drawn against the defendant.

Defendant's Response to Plaintiffs' First Set of Interrogatories (United Premium), Objection 6, Pg. 2; First Set of Interrogatories (United Automobile) Objection 6, Pg. 2; and First Request to Produce Objection 5, Pg. 2 (Attached to Motion to Compel as Group Exhibit 1).

speculation that forcing a defendant to assert Fifth Amendment rights "could unnecessarily cause the government, in its investigation, to direct undue focus toward the Defendant."

The problem is the defendant has refused to take the path the law has charted to resolve situations like this. Instead, he has resorted to a stratagem that is unsustainable. He has sought to have the best of all worlds: to be able to answer the complaint, to raise affirmative defenses, to avoid having to respond to discovery, and to avoid having to assert the Fifth Amendment, while effectively availing himself of its protections. It is self-help in its most obvious and unsustainable form. The fact that there may be – have been is perhaps the more apt tense – a "potential Fifth Amendment objection" is, in the present context, analytically meaningless.

The defendant has refused to answer the following questions or produce the following documents, even though they relate to the very matters he has injected into the case through his affirmative defenses:

1. Identify the person providing the answers to these interrogatories and the persons from whom information was sought.

2. Identify the location of all documents relevant to the defendant's claims.

3. Produce documents that reflect the terms of the alleged oral agreement to which you refer in your first affirmative defense.

4. Produce documents reflecting your employment at Mutual Bank and positions held.

5. Produce documents that support the allegations of your affirmative defenses to the complaint.

6. Produce documents that support the defendant's allegation of [sic] Plaintiffs' "allegedly waived their rights to enforce the agreements."

7. State with particularity the facts in which you rely in support of your allegations of fraud in your fifth affirmative defense.

In its objection, the defendant relied on *Evans v. City of Chicago*, 513 F.3d 735, 738 (7th Cir. 2008) for the proposition that a magistrate judge gave defendants until a later date to decide whether to participate in discovery or assert a privilege. Nothing in *Evans* remotely suggests that the course pursued by the defendant in this case is permissible or proper. First, the Court of Appeals did not hold that the magistrate judge's determination to give the defendants time to decide which course they wanted to pursue was proper or required by Constitutional or institutional considerations. Rather, the Court of Appeals simply noted as a matter of historical fact what occurred.

Second, apart from the fact that district court rulings are not binding precedent, *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 573 (7th Cir. 2009), being a discretionary determination obviously dictated by the particular circumstances of that case, the magistrate judge's conclusion in *Evans* would have little utility here. Discretion denotes the absence of a hard and fast rule. *Langnes v. Green*, 282 U.S. 531, 541 (1931); *Rogers v. Loether*, 467 F.2d 1110, 1111-12 (7th Cir.1972)(Stevens, J.). Hence, on virtually identical facts, two decision makers can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *See United States v. Banks*, 546 F.3d 507, 508 (7th Cir. 2008). *Cf. United States v. Bullion*, 466 F.3d 574, 577 (7th Cir.2006)(Posner, J.)("The striking of a balance of uncertainties can rarely be deemed unreasonable....").

Third, the defendant police officers in *Evans* filed a motion for protective order, which necessarily contained sufficient information to enable the judge to determine whether an invocation of the Fifth Amendment would otherwise be proper. The defendant here has not pursued that course. Rather, he has carefully avoided seeking a judicial determination of whether any assertion of the Fifth Amendment would be proper, and if so, whether there were questions that could be answered

7

without the risk of compulsory self-incrimination. In short, *Evans* does not decide this case.

Nor does *United States v. 1344 Ridge Road,* 751 F.Supp. 1060, 1061, 1064 (E.D.N.Y. 1989), which was also apparently informally relied on by the defendant to justify his blanket refusal to respond to discovery. There, the issue was whether the defendants, against whom the government had filed a forfeiture complaint, should be granted a stay pending the outcome of criminal charges against them. In granting the motion for a stay, the court said that "[a] stay of civil proceedings is more likely to be granted where the civil and criminal actions involve the same subject matter... and is even more appropriate when both actions are brought by the government." That may be so, but the court's observation has nothing to do with this case. There has been no application for a stay here, no assertion of the Fifth Amendment, no pending criminal action involving the same subject matter, and the government is not a party to this civil action, which involves a default on an unconditional guaranty.

All that the record discloses is a superficial, partisan allusion in a discovery response to a supposed investigation, whose contours are not defined, and whose existence is anything but certain. Unsupported statements in briefs are not to be credited. *See e.g. Ho v. Donovan,* 569 F.3d 677, 682 (7th Cir. 2009); *Woolard v. Woolard,* 547 F.3d 755 (7th Cir.2008); *United States v. Stevens,* 500 F.3d 625, 628-629 (7th Cir.2007); *IFC Credit Corp. v. Aliano Brothers General Contractors, Inc.,* 437 F.3d 606, 610-611 (7th Cir.2006); *United States ex rel. Feingold v. AdminiStar Federal, Inc.,* 324 F.3d 492, 494 (7th Cir. 2003); *Campania Management Co., Inc. v. Rooks, Pitts & Poust,* 290 F.3d 843, 853 (7th Cir. 2002); *In re: Payne,* 431 F.3d 1055, 1066 (7th Cir. 2005). So too are unsupported representations in a blanket refusal to respond to discovery.

Moreover, notwithstanding the claimed existence of some investigation and the supposed

8

"potential" for raising a Fifth Amendment claim, the defendant has answered the complaint and affirmatively pled six affirmative defenses that avow the existence of the very underlying facts on which presumably the defendant would have based a Fifth Amendment claim had one been made. Under these circumstances, it would be a perversion of the Fifth Amendment and of the federal discovery rules to ratify the defendant's conduct by denying the plaintiffs' motion. Whether having filed an answer to the complaint under the circumstances of this case effectuated a waiver of any Fifth Amendment claim related to the issues in the complaint need not be decided.

But the assertion of the affirmative defenses certainly affected a waiver insofar as they related to the plaintiffs in their dealings with the defendant on the guaranty that is at issue in this case.[4] And having failed to raise a Fifth Amendment objection to the document request, the defendant has waived the Fifth Amendment as it pertains to the particular questions asked.[5]

Finally, as to Interrogatory #1 and #2, although there appears to be a generalized claim of attorney/client and/or work-product privilege, the privilege log required by Rule 26, Federal Rules

---

[4] To be considered potentially self-incriminating, information and testimony need not, itself, constitute an admission of guilt or establish an element of a criminal offense. It is enough that the information might provide a "link in a chain of evidence"' leading to a conclusion of guilt. *United States v. Hubbell*, 530 U.S. 27, 37-38 (2000); *Hoffman v. United States*, 341 U.S. 479, 486 (1951). Thus, it perhaps could have been argued that even a question that sought an admission that the defendant was even affiliated with the bank might – and I underscore the indeterminate nature of the statement – be protected under the Fifth Amendment. But this case is long past the point at which that sort of objection might be made. The responses in the answer are judicial admissions. *Taylor v. Monsanto Co.*, 150 F.3d 806 (7th Cir. 1998). And, the allegations in the counterclaim can be treated by the plaintiff, if it chooses, as judicial admissions. *Johnson v. Phelan*, 69 F.3d 144 (7th Cir. 1995); *R.R. Donnelley & Sons Co. v. Vanguard Transp. Systems, Inc.*, 641 F.Supp.2d 707, 718 (N.D.Ill. 2009).

[5] Faced with the rather obvious unfairness of allowing answers and counterclaims to stand while simultaneously objecting to discovery regarding those defenses, at least one court has stricken an answer and affirmative defenses. *Boim v. Quranic Literacy Institute*, 2004 WL 2700494, *3 (N.D.Ill. 2004). The plaintiff, however, has not sought this relief here.

of Civil Procedure, has not been produced. The defendant has had more than adequate time to prepare and serve a log but has simply chosen not to provide even the semblance of one. The claim of privilege is thus waived. *See Burlington Northern & Santa Fe Railway Co. v. United States District Court for the District of Montana*, 408 F.3d 1142 (7th Cir. 2005); *Coalition for a Sustainable Delta v. Koch*, 2009 WL 3378974 (E.D.Cal. 2009); *Truckstop Net, L.L.C. v. Sprint Communications Co., L.P.*, 2008 WL 2357008 (D.Idaho 2008); *Third Party Verification, Inc. v. Signaturelink, Inc.*, 2007 WL 1288361 (M.D.Fla. 2007); *Rmed international, Inc. v. Sloan's Supermarkets, Inc.*, 2003 WL 41996 (S.D.N.Y. 2003).

As to Interrogatory #3, the objection is waived because boilerplate responses are improper. If the party from whom the documents are requested objects to their production, that party has the burden to show why a discovery request is improper. *See* Rule 34(b); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 337 (N.D.Ill. 2005). That burden cannot be met by a reflexive invocation of "the same baseless, often abused litany" that the requested discovery is "vague, ambiguous, overly broad, unduly burdensome," or that it is "neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Swift v. First USA Bank*, 1999 WL 1212561 (N.D.Ill. 1999). Despite courts' repeated admonitions that these sorts of "boilerplate" objections are ineffectual, their use continues unabated, with the consequent institutional burdens, *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987); *Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379, 386 (7th Cir. 1996), and the needless imposition of costs on the opposing party. They are "'tantamount to not making any objection at all.'" *E.E.O.C. v. Safeway Store, Inc.*, 2002 WL 31947153, *2-3 (N.D.Cal. 2002). *See also In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994*, 172 F.R.D. 295 (N.D.Ill.

1997)(rejecting generic, non-specific, boilerplate objections); *Klein v. AIG Trading Group Inc.*, 228 F.R.D. 418, 424 (D.Conn. 2005)(overruling objections that "the familiar litany that the [requests] are burdensome, oppressive or overly broad"); *American Rock Salt Co., LLC v. Norfolk Southern Corp.*, 228 F.R.D. 426, 432 (W.D.N.Y. 2005)("generalized objections that discovery requests are vague, overly broad, or unduly burdensome are not acceptable"); *Athridge v. Aetna Casualty and Surety Co.*, 184 F.R.D. 181, 190-91 (D.D.C.1998) (rejecting general boilerplate objections). *Roesberg v. Johns-Mansville Corp.*, 85 F.R.D. 292, 297 (E.D.Pa. 1980); *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984); *Klein v. AIG Trading Group Inc.*, 228 F.R.D. 418, 422 (D.Conn. 2005); *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 -7 (N.D.Ill. 2006).

As to Interrogatory #7 the objection is irrelevant.

## CONCLUSION

The Federal Rules of Civil Procedure make luminously clear that parties have an obligation to facilitate and cooperate in discovery unless excused by a proper claim of privilege or unless the discovery requests are improper under the Rules. *See* Rule 26(b); *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976); *Romaine v. City of Chicago*, 2006 WL 3827316, *4 (N.D.Ill. 2006). The blanket refusal by the defendant to comply with the plaintiffs' requests for discovery are not faithful to these obligations. The plaintiffs' motion to compel is granted. The defendant shall have 14 days to comply fully with the outstanding documents request. The case is set for further status on 3/18/10 at 8:30 a.m.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 3/4/10

11