## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED AUTOMOBILE INSURANCE COMPANY, UNITED PREMIUM FINANCE COMPANY, UNITED GROUP UNDERWRITERS, INC., and RICHARD P. PARRILLO, SR., beneficiary of the Richard P. Parrillo, Sr., IRA R/O, an individual retirement account, | ) ) ) ) ) ) ) | No. 09 C 5487 |
| Plaintiffs, | ) ) | Judge Gettleman |
| v. | ) ) | Magistrate Judge Cole |
| PETHINAIDU VELUCHAMY, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

At the status hearing on March 10, 2010, counsel for the defendant gave me courtesy copies

of a motion that is noticed to be heard on Monday, March 15, 2010. The motion was captioned

"Motion for Leave to File Discovery Motion Under Seal." [31]. Of course the title does not count.

*Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007). Indeed, often an inexact title is chosen for

strategic reasons. *Kay v. Board of Educ. of City of Chicago*, 547 F.3d 736, 738 (7th Cir. 2008);

*Parmelee Transp. Co. v. Keeshin*, 292 F.2d 794, 804 (7th Cir.), *cert. denied*, 368 U.S. 944 (1961).

The title chosen for the motion tends to obscure what is really involved. That was made clear by the

"In Camera Supplement" to the motion, which the defendant also seeks to file under seal. It reveals

that the "discovery motion" is in reality a Motion for Reconsideration of my Memorandum Opinion

and Order of 3/4/10, *United Auto. Insurance v. Veluchamy*, 2010 WL 749980 (N.D.Ill. 2010), and

a motion to stay discovery because of Fifth Amendment concerns. The In Camera Supplement goes

1

even further and asks that those portions of the March 4, 2010 Memorandum Opinion and Order –
itself a public document – that discusses the defendant's claim that there is an investigation by the
United States of America in connection with the bank with which he was associated, be removed
from the public record.

The ostensible reason for what in effect is a request for a blanket sealing of anything related
to the defendant's refusal to comply with discovery is that the Government's investigation has not
been "disclosed to the public," and disclosure may not be in the Government's interest because it
might "draw [ ] the attention of potential targets to it." (*In Camera Supplement to Motion for Leave
to File Discovery Motion Under Seal* at 2).[1] The answers to the contention are obvious: Speculation
is never a substitute for proof, *In re Cohen*, 507 F.3d 610, 614 (7th Cir. 2007); *Lauth v. McCollum*,
424 F.3d 631, 634 (7th Cir. 2005); *United States v. Landry*, 257 F.2d 425, 431 (7th Cir. 1958), the
Government has not made any attempt to have any information in this case sealed, and the defendant
is not authorized to act as its spokesman.

Moreover, the allegation that the information thus far has not been "publicly" disclosed is
unsupported by anything but the statement in the motion, and unsupported statement in briefs do not
count. *See e.g. Ho v. Donovan*, 569 F.3d 677, 682 (7th Cir. 2009); *Woolard v. Woolard*, 547 F.3d
755 (7th Cir. 2008); *United States v. Stevens*, 500 F.3d 625, 628-629 (7th Cir. 2007); *IFC Credit
Corp. v. Aliano Brothers General Contractors, Inc.*, 437 F.3d 606, 610-611 (7th Cir. 2006); *United
States ex rel. Feingold v. AdminiStar Federal, Inc.*, 324 F.3d 492, 494 (7th Cir. 2003); *Campania*

---

[1] The motion wisely does not contend that the fact of the investigation should be sealed because it
may affect in some way the defendant's standing in the community or affect his business. That sort of
argument would be a non-starter. *United States v. Foster*, 564 F.3d 852, 855 (7th Cir.2009).

*Management Co., Inc. v. Rooks, Pitts & Poust,* 290 F.3d 843, 853 (7th Cir. 2002). Beyond that, the representation ignores the fact that the defendant, himself, has already disclosed to the plaintiffs the investigation whose existence he wants banned from the public record in this case. The information is thus no longer confidential, even if it once had been, and the plaintiffs are free to make any sort of public disclosure they want. Consequently, sealing could not achieve the goal sought by the defendant, and the law never requires an idle thing to be done. *Brooklyn Life Insurance Co. v. Dutcher,* 95 U.S. 269, 272 (1877); *Rockstead v. City of Crystal Lake,* 486 F.3d 963, 965-966 (7th Cir. 2006).

Even if all this did not suffice to show the unconvincing nature of the motion's contention, the inescapable fact is that targets and subjects of a federal criminal investigation invariably know of its existence long before there is any "public" announcement. The reality is that the news spreads like wildfire among those concerned, and criminal defense lawyers maintain close working relationships with their colleagues. Since Mr. Veluchamy knows of the investigation, even though it is in "its earliest stages," Motion to Reconsider at 5, it is reasonable to conclude that others potentially involved do too. Thus, there need be no concern of "drawing the attention of potential targets to it," even if that were a valid concern here (which it is not), and even if the defendant had standing to raise that concern (which he does not).[2]

---

[2] It is no answer to say that this conclusion is not supported by evidence. "'[J]udges are competent to understand the obvious,'" *Eastman Kodak Co. v. Photaz Imports Ltd., Inc.* 853 F.Supp. 667, 674 (W.D.N.Y.1993), and they not precluded from taking note of what the Bar knows. In fact, they are "entitled to approach many empirical issues with a set of prior beliefs based on experience and when the record is silent, they may make decisions based on those priors." *United States v. Babul,* 476 F.3d 498, 503 (7th Cir. 2007).

The Motion to Reconsider and to Stay is 13 pages long, with 28 paragraphs. Almost nothing in that motion could, under any circumstances, possibly qualify for filing under seal. The Motion contains a discussion of the Fifth Amendment, Rules 26(c) and 59(e), Federal Rules of Civil Procedure, a review of the history of the case, counsel's claimed "mistake" in failing to appear at the motion call when the motion to compel was heard, the history of the discovery requests and the responses, conversations between opposing counsel relating to these issues, the legal principles governing motions to reconsider and a court's discretion to stay discovery, the alleged failure of plaintiffs' counsel to fully disclose what occurred during a Rule 37.2 conference, the motion to dismiss for lack of subject matter jurisdiction pending before Judge Gettleman, the reasons why a stay would be an appropriate exercise of discretion, and why plaintiffs would suffer no prejudice if discovery were stayed. The motion touches on whether the defendant's having answered the complaint, having raised affirmative defenses, and having failed to seek a stay of discovery should have the consequences found by the Memorandum Opinion.

All of this the motion to seal seeks to withhold from public view – and it does so without any explanation or support and without even acknowledging the overarching, "strong public interest in disclosure." *Cusack v. Bank United of Texas FSB*, 159 F.3d 1040, 1042 (7th Cir. 1998). Yet, the cases are consistent in demanding that litigation be conducted in public to the maximum extent, consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence. *See, e.g., Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002); *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994). "This means that both judicial opinions and litigants' briefs must be in the public record, if necessary in parallel versions – one full version containing all details, and another redacted version

4

with confidential information omitted." *Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). The defendant has made no attempt to comply with the required method of filing a brief whose contents in the main plainly do not qualify for under seal treatment – even if the fact of the investigation did. That, in and of itself, warrants the denial of the motion to file under seal.

But there is much more. Sealing even the isolated portions of the moving papers that reveal the existence of a government investigation – which is the exclusive basis upon which the motion rests – would be inconsistent with the fundamental principle that "[t]he public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret." *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005). Openness in judicial proceedings assures the public that procedural rights are respected, and that justice is afforded equally. Closed proceedings breed suspicion of prejudice and arbitrariness, which in turn spawns disrespect for law. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 595 (1980).

Despite the extraordinary nature of the motion to seal and the transcendent issues involved, the motion to seal has no supporting authority, contains no reasoned or plausible justification for sealing any portion of the Motion or its In Camera Supplement, and has sedulously avoided any mention of the above principles or the corollary principle that "a seal is an exceptional measure" to be resorted to in "an exceptional circumstance." *Cusack*, 159 F.3d at 1042. Only one case is cited in support of the request for sealing, and it is irrelevant.[3]

---

[3] The technique of brief writing that puts out of view the very existence of principles and cases that are central to any informed, meaningful, and relevant analysis has been severely criticized by the Seventh Circuit. *See Hill v. Norfolk & Western Ry. Co.*, 814 F.2d 1192, 1198 (7th Cir. 1987)("The ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist is as unprofessional as it is pointless."). *Accord, Fred A. Smith Lumber Company v. Edidin*, 845 F.2d 750, 753 (7th Cir. 1988). *See also Bingham v. New Berlin School Dist.*, 550 F.3d 601, 605 (7th Cir. 2008)(in issuing
(continued...)

*U.S. ex rel. Deming v. Jackson-Madison County General Hosp.*, 2009 WL 3757704 (W.D.Tenn. 2009) involved a proceeding which was under seal pursuant to the *qui tam* provisions of the False Claims Act, which requires that complaints be filed under seal and submitted to the government so it can conduct an investigation. *See* 31 U.S.C. § 3730(b)(2); *Hopper v. Solvay Pharmaceuticals, Inc.*, 588 F.3d 1318, 1322 (11th Cir. 2009). The United States objected to any written proceedings or public disclosure of the *qui tam* action while the complaint was under seal pursuant to §3730(b)(2). Magistrate Judge Bryant, in a one-page opinion, properly granted the motion and suggested that any disclosures to the bankruptcy judge involved in the case be made in the form of an *in camera* proceeding so as not prematurely cause the sealed complaint to be publically disclosed. It does not need extended discussion to demonstrate that that case has nothing to do with this one.

While the defendant no doubt does not want public disclosure of the investigation and of the situation now facing him because of the choices he has made in this case, that is not a basis for abridging the public's right to know what is occurring in its courts. In *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 509 (1984), the Court stressed that the public presumptively has a right of access to the records of judicial proceedings. *See also Smith v. United States District Court Officers*, 203 F.3d 440, 441 (7th Cir. 2000). The Seventh Circuit too has underscored the importance of this presumption and has recognized that the presumption is rebuttable to preserve "higher values" so long as the suppression is narrowly tailored to preserving those values. *United States v. Ladd*, 218

---

[3](...continued)
rule to show cause, the court noted, plaintiff's "attorneys chose instead simply to ignore the controlling recent authority of the highest Court."). Here, the defendant has ignored scores of singularly relevant cases from the Seventh Circuit, which of course control disposition of the present motion.

F.3d 701, 704 (7ᵗʰ Cir. 2000). Here the suppression is not narrowly tailored, and the sealing would undermine, rather than preserve the higher values that are at stake in this case.

There is a final matter that requires discussion. The Motion to Seal does not pause to explore how an opinion deciding the Motion to Reconsider and to Stay Discovery could possibly be written without discussing the existence of the investigation, whose secrecy is the sole basis on which the Motion to Seal is predicated. Sealing the opinion is not an option and the motion to seal does not ask for that. Indeed, the motion does not even allude to the problems that would be posed to the writing of an opinion by granting the motion to seal.

The answer to the conundrum is provided by *United States v. Turner*, 206 Fed.Appx. 572, 574 n.1 (7ᵗʰ Cir. 2006):

> At oral argument, Turner's counsel asked that we omit any recitation of the facts from our decision. Although we understand counsel's concern about the nature of Turner's offense, we cannot feasibly discuss the reasonableness of Turner's sentence without describing the events leading to his conviction. *See Lopacich v. Falk*, 983 F.2d 74, 75 (7th Cir.1992) ("Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat...."); *United States v. Mentzos*, 462 F.3d 830, 843 (8th Cir.2006) (denying defendant's motion to file opinion under seal because circumstances of his case were insufficient to distinguish it from other criminal cases in which the opinions were published); *BBA Nonwovens Simpsonville, Inc. v. Superior Nonwovens, LLC*, 303 F.3d 1332, 1335 (Fed.Cir. 2002) (citing importance of public scrutiny on administration of justice in denying motion to issue opinion under seal).

In the instant case, it is manifestly impossible to write an opinion, which of course must be in the public record, without disclosing the existence of the investigation, which the defendant claims justifies sealing in the first place.

## CONCLUSION

The Motion for Leave to File Discovery Motion Under Seal [31] is denied.

ENTERED:_____

UNITED STATES MAGISTRATE JUDGE

DATE: 3/11/10