**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED AUTOMOBILE INSURANCE COMPANY, UNITED PREMIUM FINANCE COMPANY, UNITED GROUP UNDERWRITERS, INC., and RICHARD P. PARRILLO, SR.,** beneficiary of the Richard P. Parrillo, Sr., IRA R/O, an individual retirement account, | ) ) ) ) ) ) ) | **No. 09 C 5487** |
| | ) | **Judge Gettleman** |
| **Plaintiffs,** | ) ) | |
| v. | ) | **Magistrate Judge Cole** |
| **PETHINAIDU VELUCHAMY,** | ) ) ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

On March 4, 2010, I granted the plaintiff's motion to compel answers to interrogatories and to produce documents. The Memorandum Opinion and Order discussed at length the controversy that underlay the motion. In brief, the defendant had refused to answer a single interrogatory or produce a single document in discovery, even though the discovery requests were directed to the very specific allegations made in the defendant's Answer and Affirmative Defenses, which charged the plaintiff with, among other things, fraud and unclean hands in connection with the defendant's unconditional guarantee to secure repayment of a loan to Mutual Bank. It was on that guarantee that the plaintiff's suit was based. *See United Automobile Insurance v. Veluchamy*, 2010 WL 749980 (N.D.Ill. 2010).

1

Here is how the Memorandum Opinion and Order summarized what had occurred:

> On December 31, 2009, plaintiffs served the defendant with two sets of interrogatories (one for each plaintiff) as well as a Request to Produce Documents. On February 8, 2010, the defendant delivered his responses in which an objection was raised to every request on the grounds that the government was purportedly investigating the events leading to the receivership of Mutual Bank. Significantly, the defendant did not assert the Fifth Amendment, he only alluded to a "potential" Fifth Amendment objection. But that is not sufficient to preclude discovery. One either asserts the Fifth Amendment or responds to proper discovery or seeks a stay of the case so that one is not obligated either to respond to the complaint or to discovery requests. What cannot, however, be done is what Mr. Veluchamy has attempted to do.
>
> That the defendant did not in fact raise the Fifth Amendment is further demonstrated by his own responses to the plaintiff in which he argued that he should not be forced, at this point, to choose whether to assert his Fifth Amendment rights and suffer the consequences of a potential negative inference from having done so or waive his Fifth Amendment rights with possible adverse consequences from the disclosure at some point in the future. This plainly is not an assertion of the Fifth Amendment, but an attempt to avoid the dilemma numerous parties face in cases throughout the country in both state and federal courts. While the dilemma may be an uncomfortable one, it is not one the Constitution forbids. *See Baxter v. Palmigiano,* 425 U.S. 308 (1976); *Evans v. City of Chicago,* 513 F.3d 735, 740 (7th Cir.2008); *National Acceptance Co. of America v. Bathalter,* 705 F.2d 924, 927 (7th Cir.1983). *See also LaChance v. Erickson,* 522 U.S. 262, 268 (1998) ("But there is nothing inherently irrational about ... an investigative posture" that takes into consideration the failure of an employee who has asserted the Fifth Amendment to respond to inquiries).
>
> The appropriate way for a party in civil litigation to avoid the dilemma posed by being asked to respond to discovery is to seek a stay of the proceedings so as not to have to answer a complaint and failing that, to assert the Fifth Amendment in an answer, which will be treated as equivalent to specific denials, *Bathalter*, 705 F.2d at 929, and then to seek a stay of discovery.

*Veluchamy,* 2010 WL 749980 at *1-2 (footnote omitted).

The defendant chose to do none of these things. Instead, "he ... resorted to a stratagem that is unsustainable. He... sought to have the best of all worlds: ... to answer the complaint, to raise affirmative defenses, to avoid having to respond to discovery, and to avoid having to assert the Fifth

2

Amendment, while effectively availing himself of its protections. It is self-help in its most obvious and unsustainable form." *Veluchamy,* 2010 WL 749980 at *3.[1] The Memorandum Opinion and Order concluded, *inter alia*, that by asserting the Affirmative Defenses, the defendant had waived the Fifth Amendment as it related to the discovery requests directed to the allegations of fraud and unclean hands. Additionally, the Memorandum Opinion and Order concluded that Mr. Veluchamy had waived the attorney-client privilege by not filing a privilege log in support of his generalized claim of attorney-client privilege and work-product protection. *Veluchamy*, 2010 WL 749980 at *5.[2]

Mr. Veluchamy has asked that I reconsider or vacate the Memorandum Opinion and Order. The plaintiff has not opposed the motions as they pertain to the conclusion that raising the Affirmative Defenses resulted in a Fifth Amendment waiver as to the allegations of fraud and unclean hands. It does, however, oppose the motions as they pertain to the conclusion that the plaintiff's failure to have filed a privilege log resulted in a waiver of the attorney-client or work-product privileges as to the information sought by the discovery requests.

There are obvious institutional considerations that should preclude a court from being willing to set aside an opinion that one of the parties finds adverse to its interests, even though changed circumstances have made the rulings inconsequential to the interests of the other party, thereby accounting for its willingness to go along with a motion to vacate or reconsider. Just as a court is

---

[1] In another case filed months earlier by Bank of America against Mr. Veluchamy, much the same thing had occurred in discovery. *See Bank of America v. First Mutual Bank Corp. of Illinois and Veluchamy*, No. 09 C 5108 (Coar, J.)(Memorandum Opinion and Order 4/26/10)(Docket No. 127). At least in the *Bank of America* case, the defendants, at some point, "sought to stay discovery as to themselves until May 1, 2010 'or until such time that it is clear that they are not the targets of any criminal investigation.'" *Id*. at 2.

[2] The Memorandum Opinion and Order concluded that as to a particular interrogatory the boilerplate objections were insufficient. 2010 WL 749980 at *5. This aspect of the Memorandum Opinion and Order is not questioned by the motions to vacate and reconsider.

not bound by a party's improvident concession of error, *United States v. Anderson*, 547 F.3d 831, 832 (7th Cir. 2008), it is not bound by a party's agreement to have a court set aside all or a portion of an opinion at the request of its opponent. There could scarcely be stability, finality, and predictability in judicial decision-making if parties, at their whim, could have a court retract an opinion that resolved an issue previously submitted for judicial determination.

**A.**
**The Fifth Amendment Waiver From Having Raised Affirmative Defenses**

The motions to reconsider and to vacate argue that Mr. Veluchamy did not waive the Fifth Amendment merely by asserting Affirmative Defenses.[3] They express concerns over the possible consequences for other cases that might be filed or in which Mr. Veluchamy might be involved in the future and the effects the waiver conclusion could have in this case. As to the former, it is enough to say that those events are not at hand and may never come to pass. Hence, there is no present controversy that needs to be addressed.

Moreover, the fear that the Memorandum Opinion and Order, if not corrected or vacated, could affect future disputes with other parties in other cases overlooks the fact that, the Opinion cannot, under the law of the case doctrine, have binding effect in any other case, even if district court rulings were binding precedent, which they are not. *See Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 573 (7th Cir. 2009); *DiMa Corp. v. Town of Hallie*, 185 F.3d 823, 831 n. 6 (7th Cir. 1999); *Mayo v. Lane*, 867 F.2d 374, 376 (7th Cir. 1989).

---

[3] The Opinion expressly did not decide whether answering a complaint results in a waiver. *Veluchamy*, 2010 749980 at *5.

There is also the concern that, if not altered, the Opinion might have mischievous consequences in the future is illusory. The argument is that the plaintiff will be able to argue that Mr. Veluchamy cannot assert the Fifth in the post-judgment, collection phase of the case, having waived it in discovery. The argument, however, overlooks the radically changed posture of this case since the March 4th Memorandum Opinion and Order was issued: Without having answered any interrogatories or producing any documents, Mr. Veluchamy was allowed by Judge Gettleman, with either the express or tacit acquiescence of the plaintiff, to withdraw his Answer and Affirmative Defenses and to assert the Fifth Amendments in an Amended Answer. Thereafter, Judge Gettleman entered summary judgment in favor of the plaintiff, and my ruling on the Fifth Amendment played no role in that determination.

Thus, whether the Memorandum Opinion and Order correctly concluded that Mr. Veluchamy waived the Fifth Amendment by raising Affirmative Defenses in his Answer instead of pleading the Fifth Amendment is no longer a live issue in the case. Once Judge Gettleman allowed the defendant to withdraw his Answer and plead the Fifth Amendment, the Memorandum Opinion and Order's Fifth Amendment conclusion, right or wrong, ceased to have any operative significance or the capacity to affect these litigants or the future course of this case. Simply put, the issue is moot. *Cf. United States v. Davis*, 103 F.3d 48, 48 (7th Cir. 1996)("If mootness means anything, it means in most cases that one cannot successfully appeal when a district judge has already given the relief sought in the court of appeals."). Therefore, vacating or reconsidering the Memorandum Opinion and Order would effectively be an advisory opinion addressed to a controversy between "these litigants" in this case that no longer exists, save for its academic interest. *Cf. U.S. Parole Commission v. Geraghty,* 445 U.S. 388, 397 (1980)("'The requisite personal interest that must exist

at the commencement of the litigation (standing) must continue throughout its existence (mootness.'")(parenthesis in original); *D.S.A. v. Circuit Court Branch,* 1 942 F.2d 1143, 1154 -1155 (7th Cir. 1991) (Easterbrook, J., dissenting)("We also know that the pertinent inquiry is whether *these* litigants will encounter the *same* dispute.")(emphasis in original).

That this aspect of the Memorandum Opinion and Order cannot affect the further course of this case was made clear during the extended colloquy with counsel at the hearing on October 26th, during which I expressed the view that, having acquiesced in the District Court's decision to allow Mr. Veluchamy to withdraw his Answer and Affirmative Defenses and plead the Fifth Amendment, the plaintiff could not in post-judgment collection proceedings, for example, contend that the Memorandum Opinion and Order precluded Mr. Veluchamy from raising the Fifth Amendment. With commendable candor, counsel for the plaintiff stated on the record that the plaintiff would not attempt to argue such an inconsistent position. He did, of course, quite properly reserve the right to question the validity – having nothing to do with waiver – of any particular assertion of the Fifth Amendment.[4] That representation is compelled by the posture of the case and is binding. *Cf. Tamari v. Bache & Co. (Lebanon) S.A.L.,* 729 F.2d 469, 472 (7th Cir. 1984); *Salmeron v. Enterprise Recovery Systems, Inc.,* 579 F.3d 787, 795 (7th Cir. 2009); *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.,* 234 F.R.D. 175, 185 (N.D.Ill. 2006).

There is an additional reason why vacating or reconsidering the Fifth

---

[4] The Memorandum Opinion and Order discussed under what circumstances the Fifth Amendment privilege is properly invoked. 2010 WL 749980 at *2. *See National Acceptance Company of America v. Bathalter*, 705 F.3d 924, 926-27 (7th Cir. 1983);*United States. v. Allmon*, 594 F.3d 981, 985 (8th Cir.2010) ("The claimant must make some positive disclosure showing that the danger of self-incrimination is real and appreciable, not remote and speculative.").

Amendment/Affirmative Defense/Waiver conclusion in the Memorandum Opinion and Order is not appropriate. Apart from its discussion of that particular issue, the Opinion underscored and was based on the defendant's failure to have raised the Fifth Amendment in response to the discovery requests, even though he objected on the grounds of relevance and undue burden:

> That the defendant did not in fact raise the Fifth Amendment is further demonstrated by his own responses to the plaintiff in which he argued that he should not be forced, at this point, to choose whether to assert his Fifth Amendment rights and suffer the consequences of a potential negative inference from having done so or waive his Fifth Amendment rights with possible adverse consequences from the disclosure at some point in the future. This plainly is not an assertion of the Fifth Amendment, but an attempt to avoid the dilemma numerous parties face in cases throughout the country in both state and federal courts.
>
> \* \* \*
>
> It is significant that the objection to discovery does not assert the Fifth Amendment. Rather, it simply expresses the defendant's tendentious view that he ought not to be placed between the Scylla of taking the Fifth Amendment and potentially suffering adverse inferences, and the Charybdis of avoiding those inferences by waiving the Fifth Amendment and possibly having the information available to authorities, who are conducting some investigation of the bank with which the defendant was affiliated. This dilemma, however, is not one forbidden by law. *Baxter, supra.* That it is a difficult and perhaps a not particularly palatable choice does not absolve a party in litigation from making it. It is but an instance of the enumerable, difficult choices that life and law require be made.
>
> \* \* \*
>
> And having failed to raise a Fifth Amendment objection to the document request, the defendant has waived the Fifth Amendment as it pertains to the particular questions asked.

*Veluchamy,* 2010 WL 749980 at \* 2, 5 (footnotes in original omitted)

The Fifth Amendment privilege (like non-constitutional privileges and other non-privilege related objections) may not be relied upon unless invoked in a timely fashion. *Roberts v. United States*, 445 U.S. 552, 559 (1980); *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir.1981); *In re United States*, 864 F.2d 1153, 1156 (5th Cir.1989); *Jaffe v. Grant,* 793 F.2d 1182, 1190 n. 6 (11th

Cir.1986)(objection based on Fifth Amendment waived by failure to timely assert it in response to discovery); *S.E.C. v. College Bound, Inc*. 849 F.Supp. 65, 67 (D.D.C.1994); *Fonseca v. Regan,* 98 F.R.D. 694, 701 (D.C.N.Y.1983), *rev'd on other grounds,* 734 F.2d 944 (2nd Cir.1984); *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540, 542 (10th Cir.1984) (work product); *Safeco Insurance Company of America v. Rawstrom,* 183 F.R.D. 668, 670 (C.D.Cal.1998)(interrogatory objections that are not included in a timely response are waived even if they are contained in a later supplemental response absent a showing of good cause).

This result is consistent with and dictated by Rules 33 and 34 of the Federal Rules of Civil Procedure. Rule 33 provides that in the absence of an extension for good cause, an objection to an interrogatory must be made within 30 days, and the ground for objecting "must be stated with specificity. *Any* ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Rule 33(b)(4) (emphasis supplied). Rule 34 has the same 30-day response time and requires that any objection to a request for documents or electronically stored information must specify "the reasons" for the objection. Rule 34(b)(2)(C).

While the word, "any," does not always mean all forms or types of the thing mentioned, *see e.g., United States v. Genendo Pharmaceutical, N.V.* 485 F.3d 958, 963 (7th Cir. 2007) – context, of course, will always be the chief determinant of meaning – the word is generally intended to be broadly inclusive and does not mean "some"' or "all but a few," but instead means "all," "without restriction or limitation." *See Southwest Georgia Financial Corp. v. Colonial American Cas. and Sur. Co.,* 2010 WL 3705991, 4 (11th Cir. 2010); *United States v. Knight,* 580 F.3d 933, 939 (9th Cir. 2009); *United States v. Cullen,* 499 F.3d 157, 163 (2nd Cir. 2007). *See also Sullivan v. Stroop,* 496 U.S. 478, 486 (1990)(Blackmun, J., dissenting)("The word 'any' generally means all forms or types

8

of the thing mentioned.").

Nothing in the text or context of Rules 33 or 34 supports any but a broad and inclusive reading of the word "any." Neither Rule makes an exception for untimely claims under the Fifth Amendment, any more than they do for untimely claims under the attorney-client privilege, the psychotherapist- patient privilege, the work-product doctrine, or any other privilege. The Supreme Court has stressed that the Federal Rules of Civil Procedure, which have the force of statutes, *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc.*, 313 F.3d 385, 392 (7th Cir. 2002), *cert. denied*, 540 U.S. 1068 (2003), are to be accorded "their plain meaning. . . and generally with them, as with a statute, '[w]hen we find the terms. . . unambiguous, judicial inquiry is complete. . . .'" *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 123 (1989). Since Mr. Veluchamy's failure to have timely raised a Fifth Amendment objection to discovery resulted in a Fifth Amendment waiver to the interrogatories that were posed, reconsidering or vacating that portion of the Memorandum Opinion and Order concluding that a waiver resulted from having raised Affirmative Defenses would not change the result. I decline, as a matter of discretion, therefore to vacate or reconsider that aspect of the Opinion.

## B.

## The Attorney-Client Privilege and Work-Product Doctrine

We come then to the Memorandum Opinion and Order's holding that Mr. Veluchamy waived the attorney-client privilege and work-product protection by not submitting the privilege log required by Rule 26(b)(5). It is conceded that Mr. Veluchamy only made a "general objection to producing privileged documents in response to the discovery requests," (*Amended Motion to Reconsider* at 10), that he never raised the Fifth Amendment as an objection to producing the log, and that he never asked a court to excuse his failure to comply with the requirements of Rule 26(b)(5) on the ground that the Fifth Amendment permitted non-compliance with the Rule.

Instead of pursuing any of those proper alternatives, Mr. Veluchamy's counsel simply insisted that he "should not have to decide whether to assert his Fifth Amendment rights" in response to the discovery request. (*Amended Motion to Reconsider* at 10). It is incongruous to now suggest that the Fifth Amendment permitted him to not comply with Rule 26(b)(5) when he refused to make the decision of whether to invoke the Fifth Amendment. As the Memorandum Opinion and Order pointed out:

> It is significant that the objection to discovery does not assert the Fifth Amendment. Rather, it simply expresses the defendant's tendentious view that he ought not to be placed between the Scylla of taking the Fifth Amendment and potentially suffering adverse inferences, and the Charybdis of avoiding those inferences by waiving the Fifth Amendment and possibly having the information available to authorities, who are conducting some investigation of the bank with which the defendant was affiliated. This dilemma, however, is not one forbidden by law. *Baxter, supra.* That it is a difficult and perhaps a not particularly palatable choice does not absolve a party in litigation from making it. It is but an instance of the enumerable, difficult choices that life and law require be made.

*See Veluchamy*, 2010 WL 749980 at *2.

However one chooses to describe Mr. Veluchamy's handling of the discovery requests, the inescapable reality is that, in effect, he arrogated to himself the right to set deadlines by which he would respond to those requests and the way in which he would respond. But those are matters prescribed by the Federal Rules of Civil Procedure, which required Mr. Veluchamy to "describe the nature of the documents, communications, or tangible things not produced or disclosed – and to do so in a manner that, without revealing information, itself, privileged or protected, will enable other parties to assess the claim," Rule 26(b)(5)(A)(2) and to do so within 30 days of receipt of the request. Rule 34(b)(2). Rather than complying with the Rules or seeking an order postponing the required response, Mr. Veluchamy simply decided to make the generalized claim of privilege Rule 26(b) prohibited and to ignore the schedule set by Rule 26. These were not options the law gave him. And schedules and deadlines count– at least in this Circuit.

Throughout the range of the law, there are time limits imposed on parties at every stage of the case. Some are mandatory and admit of no deviations; others are more flexible. But in each instance, lawyers who do not pay heed to Shakespeare's injunction – "Defer no time delays have dangerous ends." Henry VI, Part I (1592) Act III, sc. ii 1.33 – do so at substantial peril to their clients' interests. Even exceedingly short delays can be fatal. *See e.g., Milam v. Dominick's Finer Foods, Inc.*, 567 F.3d 830, 831 (7th Cir. 2009); *Brosted v. Unum Life Insurance Co. of America,* 421 F.3d 459 (7th Cir.2005); *Reales v. Consolidated Rail Corp.,* 84 F.3d 993, 996 (7th Cir.1996); *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). "Ignoring deadlines is the surest way to lose a case.... 'Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won.'" *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir.1994).

The plaintiff's justification for following their own rules is that he had a Fifth Amendment right "not to produce or log potentially incriminating statements." (*Amended Motion to Reconsider* at 10).[5] There are several objections to this thesis. The first is that the single-sentence, unamplified, and unsupported contention is waived. The Seventh Circuit has "made clear ... that it is not the obligation of [a] court to research and construct legal arguments open to parties, especially when they are represented by counsel, and [it] ha[s] warned that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *Judge v. Quinn,* 612 F.3d 537, 557 (7th Cir.2010) (internal quotation marks omitted). *See also White Eagle Co-opinion Ass'n v. Conner,* 553 F.3d 467, 476 n. 6 (7th Cir.2009) (collecting cases)("Skeletal and unsupported arguments will not be considered and the argument will be deemed waived."); *de la Rama v. Illinois Dept. of Human Services*, 541 F.3d 681, 688 (7th Cir.2008) (argument that was "conclusory and utterly lacking in any citation to the applicable law" was deemed waived). And this rule is applicable "even where those arguments raise constitutional issues." *United States v. Hook,* 471 F.3d 766, 775 (7th Cir.2006). Therefore, the *ipse dixit* in the amended motion to reconsider need not be considered and cannot serve as a basis for reconsideration or vacating the Memorandum Opinion and Order.[6]

But even it could, it is open to the most serious objections. First, the overarching fact is that

---

[5] A request for documents raises a somewhat different issue under the Fifth Amendment than does an interrogatory, involving as it does the "act of production" doctrine. *See Matter of Grand Jury Proceeding, Special April 1987*, 890 F.2d 1,2 (7th Cir. 1989); 8 Wright, Miller, Marcus, Federal Practice and Procedure §2018 at 278-279 (2nd ed. 1994). The motions to vacate and reconsider ignore all this.

[6] The motions to vacate and reconsider argued that Mr. Veluchamy did not have the opportunity to respond to the motion to compel since, as the result of a calendaring error, it did not appear at the hearing on the motion. Here, despite the opportunity to present comprehensive briefs in support of the motions, there is nothing but the plaintiff's conclusory statement that the Fifth Amendment excused its compliance with Rule 26. In addition to failing to make the case on that issue, the motions carefully put out of view the fact that Mr. Veluchamy never raised the Fifth Amendment, which he had to do in a timely way or suffer the consequences.

the plaintiff did not raise the Fifth Amendment claim in response to the discovery requests, nor did he seek an order from the court excusing compliance with Rule 26 on this (or any other) basis. Instead, he merely raised the generalized claim of attorney-client and work product privilege – the very thing Rule 26 forbids. Hence, the Fifth Amendment claim, not having been timely raised , was waived. Moreover, the validity of the argument that a party can claim one privilege and preclude examination of the validity of its assertion by simultaneously raising another privilege is anything but obvious. If accepted, it would allow a party to claim globally the attorney-client privilege while precluding any challenge by the opposing party to the propriety of the claim by asserting the Fifth Amendment as the basis for non-compliance with Rule 26(b)(5)(A)(2). In other circumstances, courts have found waiver of an asserted testimonial privilege based upon the obvious principle of fairness that a party cannot inject an issue into a case and expect to be able to prevent discovery of information critical to that issue. *Cf. In re Grand Jury Proceedings,* 219 F.3d 175, 182 (2nd Cir.2000)("implied waiver may be found where the privilege holder 'asserts a claim that *in fairness* requires examination of protected communications.' ") (attorney-client privilege); *Lorenz v. Valley Forge Insurance. Co.,* 815 F.2d 1095, 1098 (7th Cir.1987)(same)("Implicit disclosure can occur when a holder ... relies on a legal claim or defense, the truthful resolution of which will require examining confidential communications."). The parlance often employed in the cases is that one cannot use a privilege as both a shield and a sword. *In re Grand Jury Proceedings,* 219 F.3d at 182 (internal citations omitted). *See also In re Sims,* 534 F.3d at132; 21 C. Wright & K. Graham, Federal Practice and Procedure § 5039 at 828 (2005).

A party may surrender a privilege by affirmatively injecting an issue in the suit. *See Doe v.*

13

*Oberweis Dairy,* 456 F.3d 704, 718 (7th Cir.2006); *Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir.2000)(collecting cases); *United States v. Wilk,* 572 F.3d 1229, 1236 (11th Cir.2009)(defendant's mental status was central to his defense); *Darst v. Interstate Brands Corp.,* 512 F.3d 903 (7th Cir.2008). Whether this analysis applies to the plaintiff's contention that the Fifth Amendment might have excused his compliance with Rule 26 even though he had injected the issues of fraud and unclean hands into the case need not be decided since the plaintiff never invoked the Fifth Amendment, thereby waiving it. And, the skeletal presentation on that issue in the motions to reconsider and vacate constitutes a further waiver of the point. In sum, having chosen not to assert the Fifth Amendment in a timely way months ago, Mr. Veluchamy cannot now claim that perhaps the Fifth Amendment might have excused the filing of a privilege log.[7]

A factor to be considered in determining whether non-compliance with the 30-day schedule prescribed by Rule 34 should result in a waiver is whether there has been a "tactical manipulation of the rules and the discovery process." *Burlington Northern & Santa Fe Railway Co. v. United States District Court for the District of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005). That is what the Memorandum Opinion and Order concluded had occurred, as did Judge Coar's opinion in the earlier *Bank of America* case. Nothing that has been presented in the motions to vacate and reconsider alters that conclusion in the slightest. This is not meant to reflect personally on counsel. From Mr. Veluchamy's partisan perspective, the tactical choices that were made were designed to advance his interests. The difficulty is that advancing his interests was at the expense of the defendant's rights and by means of a carefully devised strategy that the law plainly forbade. Having

---

[7] The fact that Judge Gettleman allowed Mr. Veluchamy to withdraw his Answer and Affirmative Defense and plead the Fifth Amendment in his Amended Answer has nothing to do with this precise issue.

made those choices, Mr. Veluchamy is not immune from their consequences.

The motions to vacate and reconsider seek to excuse the defendant's conduct by saying that Mr. Veluchamy wanted to consult with a criminal lawyer. He originally had a criminal lawyer but then apparently decided to change that representation but had not yet done so – at least according to representations made at a recent status conference. Perhaps that was true. But it would not justify the stratagem he employed. Even in criminal cases, the right to counsel of one's choice "'does not give an accused the power to manipulate his choice of counsel to delay the orderly progress of his case.'" *United States v. Carrera,* 259 F.3d 818, 825 (7th Cir. 2001). In any event, nothing prevented him from asking for relief from the court while he pondered the matter. By pursuing the course he chose, he left the plaintiff hanging, while he avoided any adverse consequences. That he did so is compelling evidence that the excuse now advanced is pretextual

It was not as though Mr. Veluchamy's counsel were strangers to the Fifth Amendment issues posed by the case. One need only look at the Sperling & Slater website to see that these were not novel matters to the firm. And, the website properly and proudly boasts that Adam Merrill, one of the lawyers intimately involved in representing Mr. Veluchamy, had been a partner at Kirkland & Ellis and "had expertise in... RICO, securities and federal criminal cases" and in all kinds of major civil litigation. Additionally, "[h]e has represented numerous clients in connection with government investigations *** conducted by...the U.S. Department of Justice, U.S. Securities and Exchange Commission.... As part of those matters,... Mr. Merrill represented officers and employees during interviews with government attorneys and agents and as part of negotiations in connection with grand jury proceedings." http://www.sperling-law.com/merrill.shtml.

Mr. Veluchamy also grounds his motions on the assertion that the Memorandum Opinion

15

and Order's conclusion that he had waived the attorney-client privilege is not specific as to documents. The argument is curious since any absence of specificity stemmed from his refusal to provide a privilege log to support his generalized claim of privilege. He is therefore the author of the dilemma – if there be one – and is thus in no position to complain. *Cf. United States v. Goodwin,* 449 F.3d 766, 772 (7th Cir.2006)(Posner, J.)("He was therefore the co-author of the prolongation that is the fulcrum of his Fourth Amendment claim ... It is in that sense that he is the author of the delay of which he complains.");*United States v. Cohen,* 145 F.2d 82 (2nd Cir.1944) (L. Hand, J.), *cert. denied,* 323 U.S. 799 (1945) ("It is particularly unreasonable for the accused ... to complain of that confusion of which they were the authors.").[8]

Just as courts are not at liberty to rewrite statutes and rules that plainly and unambiguously prescribe duties, obligations and procedures, *Ali v. Federal Bureau of Prisons,* 552 U.S. 214 (2008), neither are litigants. Yet that is in essence what the plaintiff's discovery responses attempted to do by refusing to support the generalized claim of attorney-client privilege with a privilege log as required by Rule 26, and by choosing not to interpose a Fifth Amendment objection as a basis for non-compliance with the Rule. To these intentional omissions may be added the fact that the claim of privilege was apparently made without even knowing whether there were even any documents to which the attorney-client privilege would apply. It is significant that at the most recent hearing on the motions, counsel for the defendant could not even say how many privileged documents there might be or even whether there were any.

---

[8] Whether the finding of waiver will have application in post-judgment proceedings and if so what the waiver will encompass also need not be decided. The motions to reconsider and vacate do not make supported or amplified arguments on this score.

As pointed out in the Memorandum Opinion and Order, numerous cases have held that non-compliance with Rule 26 can result in a waiver of the attorney-client privilege and work-product protection. *See Veluchamy*, 2010 WL 749980 at *5. Other cases are collected in 8 Wright, Miller & Marcus, *supra*, §2016.1 n.1, *et seq.* (2009 supplement). The motions to vacate and reconsider have provided no basis for me to upset the Memorandum Opinion and Order's finding in this regard.

## CONCLUSION

The motion to vacate and the motion to reconsider [90, 63] are denied.

ENTERED:_____
UNITED STATES MAGISTRATE JUDGE

DATE: 10/29/10